UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY ALLISON ) | |
| ) | |
| Plaintiff ) | Case Number: |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| COAST PROFESSIONALS, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jerry Allison, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Jerry Allison, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Maryland Debt Collection Act.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Jerry Allison, (hereafter, Plaintiff) is an adult natural person residing in Bladensburg, MD. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Coast Professionals, Inc., (hereafter, Defendant), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of New York with a primary address located at 4273 Volunteer Road, Geneseo, NY 14454.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about February 14, 2012, Plaintiff started to receive calls from Defendant on a debt allegedly owed on a past school loan.

8. Plaintiff received the call to his personal cell phone.

9. On this call, Defendant's agent, refused to give her name and would not tell the Plaintiff what company she was attempting to collect for.

10. Plaintiff was told that he owed approximately $2,600.00.

11. Defendant informed the Plaintiff that he needed to pay the full amount immediately.

12. At that time, the Plaintiff asked Defendant's agent, for something in writing validating the debt.

13. Defendant's agent refused to send the Plaintiff anything in writing unless he agreed to settle the account.

14. Plaintiff then asked the Defendant if he could call them later because he was in work and could not be on personal calls.

15. Plaintiff was instructed that he could call back but that it had better be by 5:00 pm or the Defendant would mark the Plaintiff's file as a refusal to pay.

16. Before ending the call, Defendant's agent told the Plaintiff that she was currently looking at a copy of the Plaintiff's credit report and that she could see that he has other credit cards that he could borrow from to get this debt paid.

17. Plaintiff informed Defendant's agent that he was not even sure who the Defendant was collecting for and that he could not borrow from his credit cards.

18. Defendant's agent then suggested that the Plaintiff send her a series of post dated checks that could be used for monthly payments.

19. After refusing to send in checks, Plaintiff's call was transferred to a supervisor of the Defendant named "Mike".

20. Plaintiff was again instructed to make payment immediately on this account.

21. Plaintiff could not pay and did not call Defendant back at 5:00 pm.

22. Plaintiff continued to receive daily calls from the Defendant to his personal cell phone.

23. Plaintiff has still never received anything in writing validating this debt.

24. Defendant has never confirmed who they are collecting on behalf of.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendants, Global Credit and Capital One, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g(a)(2): | Must state name of creditor for whom debt is owed |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF THE MARYLAND DEBT COLLECTION ACT

## (MARYLAND CDCA) §14-202

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes.

34. The foregoing acts and omissions constitute violations of the Maryland CDCA, §14-202 Proscribed Conduct, including but not limited to, violations of:

§14-202(6)   Communicate with the debtor or a person related to him; with frequency, at unusual hours, or in any other means as reasonably can be expected to abuse or harass the debtor;

35. A collector who violates any provision of this subtitle is liable for any damages proximity caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.  Actual damages;

b.  Statutory damages

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN LAW GROUP, PC

Date: February 17, 2012

BY:_____
Bruce K. Warren, Esquire

Warren Law Group, PC
57 Cooper Street
Woodbury, NJ 08096
(856)848-4572
Attorney for Plaintiff